Kanada vs. North.

The judgment below is reversed and cause remanded for further proceedings not inconsistent with this opinion.

CHAS. D. KANADA vs. WILLIAM NORTH.

1. The supreme court will not review as a ground of error, any thing which was not brought before the court below, in a motion for a new trial. The circuit judge may not correct the errors into which he may have fallen, when again directly presented to him, but he must, at least, have an opportunity of doing so.

2. If an agent, by concealment, dissimulation or otherwise, abuses the trust confided in him, and seeks to make money for himself, out of the business of his principal, it is, in law, a fraud sufficient (as between the parties themselves) to vitiate any contract or arrangement growing out of it. The principal having deposited with the agent $850 00 to buy negroes, and the agent having purchased negroes for a less amount, and transfered them to the principal for the sum deposited, it was held to be a fraud upon the principal, and that he was entitled to recover the difference between the deposite, and the price originally paid by the agent for the negroes.

APPEAL from Franklin Circuit Court.

FRISSELI, for plaintiff in error.

I. That no fraud has been proved against Kanada, nor have facts been proved by which fraud could be inferred.

II. The instruction asked by the plaintiff, and given by the court, go upon the supposition that fraud had been proved.

III. That, from the evidence, the jury might well infer that Kanada had received from North but $700, and that he had sold him the negroes at $850, which would leave a balance against North. The instruction relative to set off was improperly refused.

IV. That, from the evidence, the jury might well infer, that there had been a settlement of the matter between North and Kanada, and that North had received the negroes in satisfaction of the debt. The instruction relative to accord and satisfaction was improperly refused.

V. That evidence of fraud should have been excluded (if any had been offered,) on the counts in the declaration.

VI. That North cannot recover in this action unless he prove a demand of the money before suit brought.

JONES, for defendant in error.

I. That a principal is not bound by the acts of his agent, when fraud has been committed against his rights by that agent.

II. That fraud vitiates all contracts, however solemnly they may have been entered into.

III. That the law requires, that honesty and fair dealing should exist between the agent and the principal.

IV. That any contract, as between principal and agent, will be void if made by misrepresentation, or improper concealment by the agent, of matters that should have been disclosed. 2 vol. Kent's Com , 482-3, 4, 5; 488.

V, That a party who receives money to be invested in special property, is liable to the extent of the misapplication of that fund.

VI. That the agent is not permitted to speculate, to the prejudice of his principal or employer, on funds deposited with him to be invested in special property.

VII. That a party, who obtains money from another to be invested in property specified by the parties, is presumed to be acting as the agent or employer of that party, in the purchase thereof, and if not acting in such capacity, common honesty requires that party to disavow the relation of principal and agent.

VIII. That instructions founded upon principles of law, however correct and well established in the abstract, should be refused when not warranted by the evidence in the case.

IX. No point was made in the court below upon demand and refusal.

BIRCH, J., delivered the opinion of the court.

North sued Kanada in assumpsist, for money lent and advanced and money had and received, and was met by pleas of the general issue, payment and offset. The record contains also a replication as to a plea of accord and satisfaction, but as we find no such *plea*, the case must needs be passed upon without reference to it. So, also, as to the point of demand and refusal. That question not having been properly presented in the court below, will not, of course, be entertained or considered here. It is also assigned for error, in the argument, that the court in not excluding certain testimony offered by the plaintiff below, but upon that point it is deemed sufficient to refer to the repeated decisions of this court, that it cannot review, as a ground of error here, any thing which was not brought before the court, in a motion for a new trial below. *Practically* it may be, even in trials the most hurried and confused, that the circuit judge generally remembers every point that was passed upon and excepted to during the progress of the trial, and *might*, not, therefore, were it ever again presented specifically to his consideration, deem it necessary or proper to order a new and different trial of the case, but the opinion that he should at least have the *opportunity* of more deliberately revising his own rulings, by having them again specifically and *connectedly* presented to his judgment, has passed into a rule of practice as old almost as the records of this court.

Coming then to the issues which were submitted to the jury, there was testimony that North furnished Kanada at one time with seven hundred dollars, for the purpose of purchasing negroes for him, and it was

sufficiently made out that the whole sum thus advanced was eight hundred and fifty dollars. Shortly after receiving this money, Kanada purchased two negroes of one Bennet—a man and a woman, one of them of doubtful health, and both somewhat older than North was in the habit of purchasing for the southern market—for the aggregate sum of five hundred and seventy-five dollars. These negroes he afterwards sold, transferred or passed over to North for the sum of eight hundred and fifty dollars.

The finding of the jury was for two hundred and seventy-five dollars —the difference between the sum which Kanada originally received from North and subsequently paid for the negroes, rendering it obvious that they found him to have been North's *agent*, operating with North's money, and consequently inhibited from making any other profit to himself than the one agreed upon between the parties, or which might be reasonably merited and therefore inferred, where there was no express agreement.

From the state of evidence already alluded to, it is of course only material to examine whether the instructions of the court sufficiently presented the case to the jury, for if so, their finding ought not to be disturbed, especially here. The court gave, of its own motion, the following:

"If the jury find that the two negroes were purchased by Kanada, for North, with the money of North, Kanada cannot make a speculation by selling to North for a larger sum than was paid by him in the purchase, and if the jury find that North received the negroes from Kanada, he is yet entitled to recover, in this action, the difference between the amount paid by Kanada for them, and the sum furnished by North. If the jury find that North deposited money with Kanada, as his agent, to purchase a particular kind of negroes, and that Kanada purchased negroes of a different quality, North is not bound to receive them, and is entitled to recover his deposite in this action, unless he received them from his agent, knowing that they were not such as he desired him to buy. If the jury find that the negroes were purchased by Kanada, as the agent of North, with the money of North, and that North received them knowing that they were not of the quality directed, yet he is entitled to recover the difference between the amount paid by Kanada to Bennett, and the amount deposited by North with him, even although North may have agreed to pay a larger sum. If the jury find that Kanada purchased the negroes with his own money, and sold them to North for eight hundred and fifty dollars, good faith re-

quired that Kanada should disavow, in the transaction, that he was acting as agent for North, and unless he did so, he is entitled to a larger sum than the amount actually paid Bennett—but if the jury find that Kanada purchased the negroes with his own money, and sold them to North for eight hundred and fifty dollars, and that at the time of the purchase by North, he knew that Kanada was not acting in the trade as his agent, then North is not entitled to recover any thing in this action, and the jury will find accordingly."

It was omitted in the proper place, and is therefore stated here, that the negro man ranaway from Kanada's the night after he was sold, and before (it might be argued) the legal possession of him was transferred to North. It is not deemed necessary, however, to insert the instructions which were given upon that head at the instance of the defendant, the jury having obviously found their verdict in accordance with the hypothesis it assumed—namely, that if they held Kanada to have been the agent of North, the loss was that of the latter. Nor is it deemed necessary to copy the instruction which was given by the court at the instance of the plaintiff, respecting his right to interest on the sum to which it might be found he was entitled, since no interest was found by them, and the question was not, therefore, any longer a practical one. The remaining instruction which was given at the instance of the defendant was in these words:

"If the jury believe from the evidence, that Kanada purchased the slaves on his own account, and not North, and that North purchased the same from Kanada, and knowing the fact agreed to give Kanada an amount greater than the amount received by Kanada from North, then the defendant is entitled to a verdict for the balance."

As the fairness and propriety of these instructions is only sought to be impugned upon the ground that no fraud has been *proven* against the defendant, it may be sufficient to reply that the testimony not only sufficently warranted the court in hypothetically submitting that question to the jury, as one compounded of facts and of law, but also justified the jury in finding it as implied by their verdict. It *was* a fraud in law, sufficient to vitiate (as between the parties themselves) and contract or arrangement growing out of it, if the jury believe it to be in any respect true, that by dissimulation, concealment or otherwise, the defendant abused the trust confided in him, and sought to make money for *himself*, out of his transaction as *agent for the plaintiff*. In the case of English and others vs. Ranney & Watson, decided at the last term of this court at Jefferson, we had occasion to re-examine and reflect upon the general subject here involved, the result of which then was, and yet is, that

any relaxation of the original and apparently stern rule, would continue to be, as it had been, to recede from the only safe ground of honor, of propriety, of justice and of right.

Upon the whole case before us, therefore, being impressed that it was fairly and therefore *sufficiently* tried upon the instructions which *were* given, resulting in a verdict the very smallest which was warranted from the nature of the testimony, the mere declension of the court to give *additional* instructions is rather to be commended than complained of, and its judgment is accordingly affirmed.